1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    ANTHONY BARRAZA,                                ) Case No.: 1:12-cv-01610 - JLT
                                                      )
12              Plaintiff,                            ) ORDER GRANTING MOTION TO PROCEED
                                                      ) INFORMA PAUPERIS
13          v.                                        )
                                                      ) (Doc. 3)
14                                                    )
15    COMMISSIONER OF SOCIAL SECURITY,                ) ORDER DIRECTING CLERK TO ISSUE
                                                      ) SUMMONS
16              Defendant.                            )
                                                      ) ORDER DIRECTING UNITED STATES
17                                                    ) MARSHAL FOR SERVICE OF COMPLAINT

18

19          Anthony Barraza ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action

20    seeking judicial review of a determination of the Social Security Administration.  Pending before the

21    Court is the complaint (Doc. 1) and application to proceed *in forma pauperis* (Doc. 3) filed by Plaintiff

22    on September 29, 2012.

23    **I.     MOTION TO PROCEED IN FORMA PAUPERIS**

24          The Court may authorize the commencement of an action without prepayment of fees "but a

25    person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

26    that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

27    has reviewed Plaintiff's motion and determined it satisfies the requirements of 28 U.S.C. § 1915(a).

28    Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

1

## II.    SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A complaint should give a defendant fair notice of the claims against him, and grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1
2
3
4

        that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

5   *Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should

6   assume their truth and determine whether the facts would make the plaintiff entitled to relief;

7   conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant

8   leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.

9   *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

10   **IV.**     **DISCUSSION AND ANALYSIS**

11         Here, Plaintiff's complaint indicates his application and appeal for Social Security benefits

12   have been denied, and he seeks review of the decision by the Commissioner of Social Security

13   denying benefits.  (Doc. 1 at 1-2).  The Court has jurisdiction over such claims pursuant to 42 U.S.C.

14   § 405(g), which provides in relevant part:

15
16
17
18
19
20

        Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

21   *Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

22   reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  The Supreme Court

23   noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility

24   claims."  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Plaintiff asserts the Appeals Council denied

25   his request for review on July 26, 2012, at which time the decision of the administrative law judge

26   became the decision of the Commissioner.  (Doc. 1 at 2).  Accordingly, Plaintiff seeks timely review

27   of the decision to deny benefits, and the Court has jurisdiction over the matter.

28   ///

**V.     CONCLUSION AND ORDER**

　　Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits.  Based upon the foregoing, **IT IS HEREBY ORDERED**:

　　1.    Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**;

　　2.    The Clerk of Court is DIRECTED to issue summons as to the defendant, Commissioner of Social Security;

　　3.    The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms;

　　4.    Plaintiff **SHALL** complete and submit to the Court the "Notice of Submission of Documents in Social Security Appeal Form;" and

　　5.    The U.S. Marshal is DIRECTED to serve a copy of the complaint, summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

　Dated:    __October 2, 2012__                     _____/s/ Jennifer L. Thurston_
                                                                          UNITED STATES MAGISTRATE JUDGE